IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROESEVELT HAYES**  **PLAINTIFF**
**ADC #69691**

v.                          No: 5:17-cv-00186 PSH

**WILLIAM P. BENTON,** *et al.*                  **DEFENDANTS**

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff Roesevelt Hayes, an inmate at the Maximum Security Unit in the Arkansas Department of Correction ("ADC"), filed a complaint pursuant to 42 U.S.C. § 1983 on July 21, 2017, alleging that he received inadequate medical care for a hernia in his left groin, calcified phleboliths in his pelvis, lesions on his liver, and aorta calcification. *See* Doc. No. 2. Hayes sues William P. Benton, Erica Johnson, Patrick Drummond, Shaun Young, and Correct Care Solutions (CCS), in both their official and individual capacities. *Id.* at 1-3. Hayes seeks both injunctive relief and money damages. *Id.* at 17. Hayes also brings a state law medical negligence claim. *Id.* at 16

Before the Court are motions for partial summary judgment and related pleadings filed by all defendants claiming that Hayes did not exhaust all of his claims against them before he filed this lawsuit (Doc. Nos. 20-22, 70-72). Hayes filed responsive pleadings to both motions. *See* Doc. Nos. 26-28, 74-77. Defendants filed replies (Doc. Nos. 43 & 79); and Hayes filed an additional response (Doc. No. 80). For the reasons described herein, the defendants' motions for summary judgment are granted.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

*A.   Exhaustion of Administrative Remedies*

The defendants argue that Hayes failed to exhaust his administrative remedies as to defendant CCS before he filed this lawsuit. Defendants further argue that Hayes' claims against the other defendants should be limited to the time period and subject matter of the grievances he exhausted as to those defendants.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 21-1 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 6. An inmate must be "specific as to the substance of the issue or complaint to include the

3

date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6.  A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* at 6-7.  If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8.  If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. *Id.* at 9.  If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director for Health and Correctional Programs. *Id.* at 10-12.  Once the Deputy Director responds or the appeal is rejected, the grievance process is exhausted. *Id.* at 12.  According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 13.  The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

### B. *Exhaustion as to CCS*

The parties agree that Hayes fully exhausted five grievances relating to his medical care before he filed this lawsuit:  MX-16-01703; MX-16-01936; MX-17-00139; MX-17-00741 and MX-17-00795.  *See* Doc. Nos. 20, 70, 26 & 74.  The parties also agree that CCS was not named in any of these grievances.  Doc. No. 20 & 26.

Hayes sues CCS because "[t]he policy of defendant [CCS] of prohibiting examination of a hernia mass if it's not 'strangulated/incarcerated,' despite constant and increasing pain has deprived, and continues to deprive plaintiff of adequate medical care under the Eighth Amendment of the United States Constitution."  Doc. No. 2 at 15.  Hayes contends that he exhausted his claims against CCS because he twice grieved CCS' "employees' policy/custom of disregarding any and

4

all painful conditions of a hernia, and repairing them only if it's 'strangulated,' . . .". Doc. No. 26 at 4 (identifying MX-17-00741 and MX-17-00795).

In MX-17-00741, Hayes complained that defendant Young said his hernia was not incarcerated and that pain did not warrant a hernia repair. Doc. No. 21-2 at 12. MX-17-00741 does not mention a policy but specifically complains of Young's actions. In MX-17-00795, Hayes stated, "[b]ecause of the routine policy of hernia repair 'only if it's strangulated,' the medical staff (William Benton, Nurse Drummond, Nurse Young) just disregard any and all other serious medical issues that has come to their knowledge from the CT scan." *Id.* at 15. The one sentence mentioning a policy in MX-17-00795 does not sufficiently describe Hayes' claim against CCS – Hayes does not attribute the "routine policy" he describes to CCS. The fact that the persons he names are employed by CCS is insufficient to describe a complaint about a CCS policy, and CCS' policy was not in fact investigated according to the response. *Id.* at 14. *See e.g., Burns v. Eaton,* 752 F.3d 1136 (8th Cir. 2014) (finding claim not exhausted where the "ADC was not asked to evaluate the [the defendant] or the distinct § 1983 claims first asserted" by the prisoner in the lawsuit). Accordingly, Hayes has not exhausted a claim against CCS, and his claim against CCS is dismissed without prejudice.

### *C.     Exhaustion as to William P. Benton*

Benton is named in two grievances: MX-16-01936 and MX-17-00795. In MX-16-01936, Hayes complained that Benton refused to allow him to see a doctor about his painful hernia on July 11, 2016. Doc. No. 21-2 at 6. In MX-17-00795, Hayes generally complained that William Benton, Nurse Drummond, Nurse Young disregarded his medical issues despite a CT scan. *Id.* at 15. Defendants seek to limit Hayes' claims to the time period and subject matter described in MX-16-01936. Defendants do not address MX-17-00795 with respect to Benton. While it is not clear

what encounter Hayes is referring to in MX-17-00795 as it concerns Benton, Hayes' only allegations regarding Benton in his complaint concern the July 11, 2016 encounter with Benton in which Benton did not refer him to a doctor. *See* Doc. No. 2 at 8-9. Accordingly, the Court finds that Hayes exhausted that particular claim against Benton.

### D.    *Exhaustion as to Erica Johnson*

Johnson is named in one grievance: MX-17-00795. In that grievance, Hayes complained that when he grieved against defendant Young on April 5, 2017, Johnson responded by telling him to put in another sick call and continued to disregard his serious medical issues. Doc. No. 21-2 at 15. Hayes made the same allegations against Johnson in his complaint. *See* Doc. No. 2 at 13-14. In his complaint, Hayes also mentioned Johnson's lack of response to a request he made on October 15, 2016, and a response by Johnson to a grievance filed on January 18, 2017 (MX-17-00139). *See id.* at 10-11. Hayes did not grieve Johnson's actions with respect to either of these incidents; accordingly, any claims he makes based on those incidents are not exhausted. Hayes' claims against Johnson are therefore limited to her actions as described in MX-17-00795.

### E.    *Exhaustion as to Patrick Drummond*

Drummond is named in two grievances: MX-17-00139 and MX-17-00795. In MX-17-00139, Hayes grieved that he had not been told of liver lesions that showed up on his CT scan. Doc. No. 21-1 at 8. Hayes stated that Drummond told him the scan showed nothing life threatening. *Id.* The grievance appeal response noted that the CT was performed on September 16, 2016, and that Hayes saw Drummond on October 27, 2016, regarding the CT results. *Id.* at 7. In MX-17-00795 (described above), Hayes generally complained that William Benton, Nurse Drummond, Nurse Young disregarded his medical issues despite a CT scan. *Id.* at 15.

Hayes described the October 27, 2016 encounter with Drummond regarding his CT scan results in his complaint. *See* Doc. No. 2 at 10-11. That claim is exhausted. Hayes makes one other reference to Drummond in his complaint – he states that on March 11, 2016, Drummond diagnosed him with a hernia in the groin area and issued an inguinal hernia guard. *Id.* at 7. To the extent Hayes' claims against Drummond are based on Drummond's March 2016 treatment of Hayes, those claims are not exhausted because no grievance was filed complaining of Drummond's diagnosis or issuance of a hernia guard. Accordingly, Hayes' claims against Drummond are limited to Drummond's actions as specifically described in MX-17-00139.

## F.   *Exhaustion as to Shaun Young*

Young is named in two grievances: MX-17-00741 and MX-17-00795. MX-17-00741 described an April 5, 2017 encounter with Young. Doc. No. 21-2 at 12. MX-17-00795 grieved Johnson's response to MX-17-00741, and went on to generally complain that William Benton, Nurse Drummond, and Nurse Young disregarded Hayes' medical issues despite a CT scan. *Id.* at 15. Hayes thoroughly described the April 5, 2017 encounter with Young in his complaint. *See* Doc. 2 at 12-13. That claim is exhausted. Hayes also mentions a January 24, 2017 encounter with Young, and complains that Young would not schedule Hayes to see a specialist and did not do any blood testing to see if Hayes' liver lesions were malignant. *See id.* at 12. Hayes did not specifically grieve the January 24, 2017 encounter with Young, and his general reference to Young's treatment of him in MX-17-00795 (after specifically complaining about Johnson's response to his April 5, 2017 grievance) is insufficient to put officials on notice that Hayes was complaining about the January 2017 encounter with Young. Thus, any claim against Young based on that encounter is not exhausted. Additionally, Hayes also describes a July 11, 2017 encounter with Young in his complaint, but there is no evidence Hayes filed a grievance following that encounter (and even if

7

Hayes filed such a grievance, he could not have exhausted it before he filed this lawsuit on July 21, 2017).  Hayes' claims against Young are therefore limited to the April 5, 2017 encounter with Young as described in MX-17-00741.

## IV.  Conclusion

For the reasons stated herein, defendants' motions for partial summary judgment (Doc. Nos. 20 & 70) are granted.  Hayes' claims against CCS are dismissed without prejudice for failure to exhaust administrative remedies.  Hayes' claims against the remaining defendants are limited to the time period and subject matter described in the grievances exhausted as to each defendant.

DATED this 18th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE